## Commonwealth v. Diehl

*Oscar F. Spicer,* Assistant District Attorney, for Commonwealth.

*Robert W. Geigley*, for defendant.

MacPHAIL, P. J., February 29, 1972.—This is an appeal from a summary conviction for speeding.

## FINDINGS OF FACT

1. Defendant was the operator of a motor vehicle in the Borough of Littlestown, Adams County, Pa., at about 11:15 p.m. on November 5, 1971.

2. Defendant was operating his motor vehicle in the borough at a speed in excess of 25 miles per hour while being "clocked" by Officer Thompson, of the Littlestown Borough Police.

3. The proceeding against defendant was instituted by the arresting officer by a citation under the provisions of Pennsylvania Rule of Criminal Procedure 132.

4. At the time the citation was issued, the officer was not in full uniform, but he did display a badge that said "Littlestown Borough Police."

5. There were three officers on the Littlestown Borough Police force at the time this arrest was made, none of whom were assigned a badge number.

6. The citation issued to defendant did not specify a badge number.

## DISCUSSION

Defendant demurred at the conclusion of the Commonwealth's evidence on the ground that the arresting officer in this case could not issue a citation because he was not in uniform and did not display a badge or other sign of authority as required by Pa. R. Crim. P. 102(7). We took the matter under advisement and proceeded to hear the testimony of defendant, subject to our later ruling on the demurrer.

It is true that the officer in this case was not in full

uniform, the testimony being clear that he was without his hat at the time he issued the citation. He may also have been without his jacket. However, that is immaterial because he did have a badge and an identification tag on his left-hand shirt pocket. Defendant complains that the badge inadequately identified the officer because it had no number on it. This argument is to no avail because the Borough Code requires that the badge of a borough policeman need only have the word "police" on it: Act of February 1, 1966, P. L. (1965), 53 PS §46123. Simply because the citation form approved by the Supreme Court Administrator has a space on it for a badge number certainly does not mean that every officer must have a badge number in order to comply with the provisions of Rule 102(7).

Defendant also complains that anyone could purchase such a badge and make illegal arrests. This may be true, but it is no defense in this case because the officer was not "anyone." He was a borough police officer and he was wearing a badge. Therefore, he could lawfully issue a citation to this defendant.

## CONCLUSION OF LAW

The prosecuting officer was authorized to commence this criminal proceeding against this defendant by issuing a citation.

## ORDER OF COURT

And now, February 29, 1972, it is ordered that defendant's demurrer be and it is hereby overruled. The court finds defendant guilty as charged. It is ordered that defendant shall appear for sentencing on March 14, 1972, at 9:30 o'clock a.m., unless he has paid a fine in the sum of $10 and the costs of this proceeding prior to that time.